## J. E. CONDICT & CO. v. JNO. ROSENFIELD & SON.

1. The lien of a forwarding merchant upon goods in his possession extends only to charges and advances made upon those particular goods, or of any particular lot of goods of which they formed a part; and they have no right to retain the goods for other unsettled accounts.

2. L., a merchant in Gonzales, Texas, purchased, on open account, a stock of goods of C. & Co., of New York. The goods were shipped to L., and followed the regular channels of transportation until they came into the hands of R. & Son, forwarding merchants at Columbus, Texas, who retained the goods for unpaid balances due them by L. Subsequently L. became insolvent, and was unable to pay for the goods. An agent of C. & Co. of New York demanded possession of the goods from R. & Son, and offered to pay their charges and advances on the goods; but R. & Son refused to deliver them up, and claimed to hold them for their unsettled balances against L. *Held*, that the vendors' right of stoppage *in transitu* still existed, as the goods had never reached either the actual or constructive possession of L., and the vendors were entitled to the possession of the goods upon tender of the charges and advances of R. & Co. on account of the same goods. This rule of law is not changed by the fact that L. had authorized R. & Co. to retain the goods as a security for his general indebtedness to them.

ERROR from Colorado. Tried below before the Hon. Livingston Lindsay.

The facts of this case are sufficiently indicated in the opinion of the court.

*R. V. Cook*, for plaintiff in error.

*Harcourt & Harcourt*, for defendant in error.

WALKER, J. This is virtually a trial of the right of property to a lot of goods amounting in value to about fifteen hundred dollars, sold by Condict & Co., merchants, of New York, to W. F. Laird, of Gonzales, and shipped by them about the beginning of the year 1868 to that place. The goods appear to have followed the regular channels of transportation, until they came into the hands of Rosenfield & Son, forwarding merchants at Columbus, Texas, where they appear to have remained until about the 16th of February, 1868, when A. S. Ambler, an agent of the vendors, called upon Laird at Gonzales, and learned from him that he had become embarrassed, and was unable to pay for the goods, and that the goods had never yet come into his possession, but were then in the possession of Rosenfield & Son.

Laird was willing to surrender all claim to the goods to the agent of Condict & Co., and accordingly endorsed the bill of lading as follows :—

"Please turn over the within goods to A. S. Ambler, he "paying charges for the same.

                             "W. F. LAIRD.

"Gonzales, Feb. 16th, 1868."

At the same time Laird seems to have addressed Rosenfield & Son a note to the following import :—

                "GONZALES, TEXAS, Feb. 16th, 1868.
"*Messrs. J. Rosenfield & Son :—*

"GENTS :—Please turn over to A. S. Ambler the bill of lad- "ing in your hands, bought by me of J. E. Condict & Co., and "much oblige yours, etc.,

                          "WM. F. LAIRD."

On the presentation of these papers to Rosenfield & Son, they refused to surrender the goods to Ambler, though it appears he offered to pay them all charges for advances on this lot of goods, they claiming to hold the goods for other unsettled balances against Laird.

Condict & Co. thereupon brought an action, and sued out a writ of sequestration against Rosenfield & Son, charging them with a wrongful detention of the goods. The writ of sequestration was afterwards quashed by the district judge, on the ground that there were no scrawls or seals affixed to the bond, to which ruling a bill of exceptions was properly taken. The goods, coming back into possession of Rosenfield & Son, were sold by them at public auction. At the March term, 1869, the plaintiffs filed exception to the defendants' answer, wherein was set up a claim against Laird for unsettled advances made in the progress of business.

It was also shown that Laird had been discharged as a bankrupt. It is not, however, necessary, in the view we take of this case to notice the law or the pleadings touching the matter of Laird's bankruptcy, or any effect which it may have had upon the rights of the parties to this suit; nor shall we follow the counsel in their learned discussion of the various rulings of the court, or the facts disclosed by the record.

The law that should govern this case is too well settled to require any reference either to reports or elementary authorities. The defendants in error had no right or claim upon these goods whatever, except for charges and advances made upon them specially, or of any particular lot of goods of which they formed a part; and when these charges and expenses were tendered them by Ambler, they should at once, upon the order of Laird, have surrendered the goods to Ambler, the agent of the plaintiffs in error. The right of stoppage *in transitu*, in case of the insolvency of the vendee, continued until the goods might have come into the possession, either actual or constructive, of Laird; and it cannot be claimed that the goods in the hands of the forwarding merchant were either actually or con-

structively in his possession. It does not change the rule of law, that Laird should have authorized Rosenfield & Son to retain these goods as a security for money owed to them by him.

The goods were not his until they came into his possession, in any sense of the law that would enable him, in the event of his insolvency, to mortgage or pledge them in a manner to defeat the lien of the consignor, to stop them *in transitu.*

Any and all rulings of the District Court contrary to the well-settled rule of law, as herein stated, are erroneous; and the judgment must be reversed, and the cause remanded, to be proceeded in, in accordance with this opinion.

Reversed and remanded.